UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 25-cr-10470-JEK |
| | ) | |
| KENNETH PACHECO, | ) | **REDACTED FOR PUBLIC FILING** |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant, Kenneth Pacheco, stands convicted of threatening a law enforcement officer, in violation of 18 U.S.C. § 115(a)(1)(B)—based upon violent threats he made online against a Federal task force officer. His violent threat against this particular victim was far from aberrational. Rather the opposite is true. The instant criminal offense is consistent with Pacheco's lengthy history of violent and abusive threats and conduct directed toward family members, acquaintances, and strangers.

To reflect the seriousness of Pacheco's conduct, impose a just punishment for his offense, promote respect for the law, deter others from committing similar crimes and—most particularly— to deter Pacheco himself from engaging in similar criminal conduct, the government respectfully requests that this Court impose a sentence of (i) incarceration for a period of 18 months; (ii) supervised release for a period of 36 months; and (iii) a mandatory special assessment of $100.

The government respectfully submits that such a sentence is sufficient, but not greater than necessary, to achieve the objectives set forth in 18 U.S.C. § 3553(a)

FACTUAL BACKGROUND

***Mr. Pacheco's Criminal Conduct***

Pacheco first met the victim in this case, a task force officer ("TFO") with the Federal Bureau of Investigation's Joint Terrorism Task Force, in May 2025. That month, Pacheco used a pseudonymous Facebook account to make violent threats against multiple individuals, including:

- "You ever mention my name to police again I'll come to your house and I'll stomp your head into the f****** toilet."

- "I will beat you senseless to the f****** ground. They'll be pulling me off you because I'll be in jail for being a f****** woman beater …"

- "Watch your back."

The TFO responded to these threats and interviewed Pacheco—looking to ensure the safety of both Pacheco and the public. At the time, Pacheco was not arrested and no charges were brought against him. United States Probation Office, Presentence Report ("PSR") ¶¶ 10 – 12.

Pacheco and the TFO's second interaction occurred in July 2025, when Pacheco sent messages to a relative indicating that he may be suicidal. Pacheco's relative relayed these concerns to the TFO, who, in turn, relayed them to another law enforcement officer who performed a wellness check on Pacheco. During that wellness check, Pacheco was determined to be a potential danger to himself and others and was involuntarily admitted to a mental health facility for treatment and evaluation. PSR ¶¶ 13 – 15.

On October 7, 2025, Pacheco committed the instant offense. That day, he posted a spree of violent threats against relatives and acquaintances:

- "as soon as i get my license im going after a lot of people [multiple acquaintances] getting put in the fuckin hospital."

- "if [acquaintance] don't call me IM GONNA BE 10 times more violent."

- "your not gonna get nowhere with [Task Force Officer] if he comes around Roxbury the Haitians will fuckin shoot him and that's a promise."

- "ITS MY WAY OR PEOPLE GET HURT"

Among these messages, Pacheco sent a specific threat against the TFO:

> *"if you dont want to answer me just let that pig [Task Force Officer] know im gonna blow his fuckin brains out since you spoke to him already MAKE SURE YOU FUCKIN TELL HIM THAT"*[1]

PSR ¶¶ 16 – 17.

### *Pacheco's Prior Offenses*

The instant offense is far from out of character for Pacheco. To the contrary, he has a history of similar abusive and threatening conduct.

First, he now has multiple convictions for violent and threatening behavior. This includes an August 2015 incident in which Pacheco assaulted and injured another individual with a baseball bat and a BB gun. PSR ¶ 37. For that he was convicted of assault and battery with a dangerous weapon, improper storage of a firearm, and possession of a firearm without a firearm identification card. *Id.* His other offenses include violating an abuse prevention order, PSR ¶ 38, and state charges related to the same spree of threats giving rise to the instant federal offense. PSR ¶ 38(a).

Second, beyond those convictions, Pacheco faces charges in New Mexico for stalking and harassment; Pacheco sent text messages and letters to an ex-girlfriend threatening to kill her. PSR ¶ 43. Warrants are outstanding for these charges. *Id.*

In addition to his charged criminal offenses, Pacheco has been the subject of *five* abuse prevention orders. Each stemmed from threats or acts of violence, in several cases directed against family members. PSR ¶¶ 58 – 61.

Pacheco is, in short, a serial abuser and harasser.

---

[1] Mr. Pacheco referred to the TFO using a phonetic spelling of his first name.

CALCULATION OF PACHECO'S SENTENCING GUIDELINES RANGE

As set forth in the plea agreement in this case, Dkt. No. 23, ¶ 3, the parties calculate Pacheco's Total Offense Level under the United States Sentencing Guidelines to be 15, calculated as follows:

|  | Offense Level |
|---|---|
| Base offense level for Threatening (USSG § 2A6.1(a)(1)) | 12 |
| - Victim was a Government Employee (USS § 3A1.2(b)) | +6 |
| - Acceptance of Responsibility (USSG § 3E1.1) | -3 |
| **Total Offense Level** | **15** |

Pacheco's past criminal conduct has earned him four criminal history, placing him in criminal history Category II. PSR ¶¶ 39 – 40. Pacheco's sentencing guidelines range is therefore 24 to 30 months. PSR ¶ 76.

ARGUMENT

In determining the defendant's sentence, the Court must consider the Sentencing Guidelines and determine the advisory sentencing guideline range, which, once calculated, establishes the Court's "starting point" or "initial benchmark." *See Gall v. United States*, 552 U.S. 38, 49 (2007). Next, the Court should consider the factors set forth in 18 U.S.C. § 3553(a).

Here, the government recommends a sentence of 18-months, substantially below the low-end of the sentencing guidelines. Such a sentence is sufficient, but not greater than necessary, to reflect the nature and seriousness of the offense, afford adequate deterrence, promote respect for the law, and avoid unwarranted sentencing disparities, while also properly accounting for Pacheco's personal characteristics. *See* 18 U.S.C. § 3553(a)(2).

***The Proposed Sentence Adequately Reflects the Nature and Seriousness of the Offense and Promotes Respect for the Law and is Necessary to Deter Pacheco's Criminal Conduct***

Over many years now, Pacheco proved himself a serial abuser and harasser. He has threatened friends, acquaintances, and relatives. He repeatedly has been arrested for charges of abuse and harassment, along with other offenses. He previously has been charged, convicted, and sentenced for past criminal conduct. And he has been subject to five abuse prevention orders because of his threats and violence.

The instant offense stems from a spree of rage and threats of violence against multiple individuals, including family, as well as the victim, a TFO with whom Pacheco had previously interacted. Specifically, Pacheco threatened that he was "gonna blow his fuckin brains out."

This threat on its own is cruel and abhorrent. Beyond the instant threat, Pacheco's pattern of conduct shows, first, that Pacheco lacks any understanding of the seriousness of his conduct and fails to grasp the harm caused by his conduct to his victims, and, second, that Pacheco has not been deterred from criminal conduct and maintains a brazen disregard for the law. Anything less than a significant sentence of incarceration would only reinforce Pacheco's cavalier attitude to the law and would send precisely the wrong message: That upon release he can resume his pattern of violence and rage without consequence.

To dispel this notion and to adequately reflect the seriousness of Pacheco's offense, the government recommends that the Court impose a significant sentence of incarceration—18 months. Such a sentence is necessary to demonstrate to the public at large—and just as importantly to Pacheco himself—that these crimes are serious and will be met with serious punishment.

***The Proposed Sentence is Consistent with that Imposed on Similarly Situated Defendants and Would Avoid Unwanted Disparities***

As the drafters of the United States Sentencing Guidelines explain, "Guideline sentences, in many instances, will approximate average pre-guidelines practice and adherence to the guidelines will help to eliminate wide disparity." U.S.S.G. Ch. 1, Pt. A § (4)(G). Here, the proposed sentence of 18-months incarceration sits marginally below the low-end of the sentencing guidelines range, suggesting that it falls within the bounds of an appropriate sentence.

The JSIN data further confirms that the proposed sentence sits within an appropriate range. For similarly situated defendants—those like Pacheco (i) whose convictions involve threatening or harassing communications and whose primary sentencing guideline is Section 2A6.1; (ii) who face a total offense level of 15; and (iii) who fall into Criminal History Category III—both the median sentence and the mean sentence was 24 months (the low end of the guidelines range).

While each case and each defendant is unique, the JSIN data is a strong indication that the proposed sentence of 18 months is appropriate given Pacheco's offense and past criminal conduct and is not unnecessarily and inappropriately harsh.

***Pacheco's Personal Characteristics***

As reflected in the PSR prepared by the U.S. Probation department, Pacheco grew up in difficult and painful circumstances. ██████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████ *See* PSR ¶¶ 50 – 56. ██████████████████████████████████████████████████ ████████████████████████████████████████████████ While these factors contribute to Pacheco's conduct and mitigate his culpability, they do not excuse it. Like all members

6

of our community, Pacheco is required to conform to the requirements of the law and his personal history and personal challenges are not a license to commit criminal offenses.

The government's proposed sentence—below the guidelines range and below the average sentence imposed on individuals with similar offenses and criminal histories—adequately balances the need to impose just punishment for Pacheco's offense with his difficult personal history and circumstances.

CONCLUSION

For the reasons above, the United States respectfully requests that this Court impose a sentence of 18 months incarceration, 36 months of supervised release, and a mandatory special assessment of $100.

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

*/s/ Chris Looney*
Chris Looney
Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By:    */s/ Chris Looney*
Christopher Looney
Assistant U.S. Attorney